**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FORREST JACKSON,**

        **Plaintiff,**

**-vs-**                                                                  **Case No.  6:04-cv-292-Orl-28KRS**

**RODERICK C. DAVIS,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument following the summary judgment

entered in favor of Plaintiff Forrest Jackson on his claim against Defendant for failure to make due

on a certain personal guarantee.  Doc. No. 30.  The presiding district judge, the Honorable John

Antoon, II, referred the matter to me for a determination of "the date the interest began to accrue and

to determine whether costs and fees should be awarded . . . ."  Doc. No. 30 at 2-3.

On January 30, 2006, Jackson notified the Court that he is not pursing recovery of attorney's

fees.  Doc. No. 32.  Jackson also indicated that he "is seeking to recover the filing fee of $150.00 paid

to the Clerk of the District Court, and service of process fees of $75.00 for service of the Complaint

. . . ."  *Id*. at 1.  Because costs are appropriately taxed by the Clerk of Court, the Court need not address

the award of costs in the judgment.  *See* Fed. R. Civ. Pro. 54(d)(1) (stating that "costs may be taxed

by the clerk on one day's notice.").  Pursuant to Middle District of Florida Local Rule 4.18(a),

Jackson should file a Bill of Costs within fourteen days after the entry of judgment in this matter to recover taxable costs.

Jackson does not seek an award of pre-judgment interest. Rather, he seeks only post-judgment interest "from the date of entry of judgment at the statutory rate." Doc. No. 32 at 1. I note that 28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The statute further provides the method for calculating the interest to be applied. *Id.*

Accordingly, I respectfully recommend that the Court enter judgment against Davis in the amount of $200,000.00 plus interest from the date of entry of judgment to be calculated in accordance with 28 U.S.C. § 1961.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties